WALKER'S ADM'R *et al.*

*v.*

MASON *et al.*

(*Supreme Court of Appeals of Virginia, Feb. 6, 1896.*)

[24 S. E. Rep. 231.]

**Vendor and Purchaser—Conditional Sale—What Constitutes—Case at Bar.**

In 1874 N. purchased land at a judicial sale, and resold it to decedent, who agreed to pay to the commissioner $425 down, and the balance in installments; but, being unable to pay more than $25 of the cash payment, decedent contracted with plaintiff to buy his interest for $400, which sum plaintiff was to pay to the commissioner, —the contract providing that, if decedent repaid such sum within one year, the agreement should be void,—and on the same day plaintiff rented the land to decedent at $100 per annum. Decedent failed to repay the $400, and plaintiff, treating the property as his own, paid the deferred payments, retaining decedent as his tenant for 10 years. In 1889 decedent's creditors sought to subject the land to the payment of their debts, and decedent's answer to such suit disclaimed any interest in the premises in controversy, and alleged that plaintiff was entitled to a deed thereto, and it appeared that decedent had refused a deed tendered by N.: *held*, that the contract between plaintiff and decedent was a conditional sale, not a mortgage.

Appeal from circuit court, Brunswick county.

Proceeding by George Mason, trustee, and Benjamin Lewis, against the administrator of Albert Walker, deceased, and others, to have a deed to decedent canceled, and the premises therein described conveyed to said Lewis. From a decree for plaintiffs, defendants appeal. Affirmed.

*E. P. Buford,* for appellants.

*B. Turnbull,* for appellees.

BUCHANAN, J., delivered the opinion of the court.

The controversy in this cause grows out of the following writing :

"This contract, made and entered into this 9th day of December, 1874, between Benj. Lewis, of the first part, and Albert Walker, of the second part, witnesseth : That the said Albert Walker hath this day bargained, sold, and conveyed all right, title, or interest whatsoever that he has or may have in a certain tract of land recently sold by R. D. Turnbull, commissioner, on which the late Littleton Rose resided, for and in consideration of the sum of four hundred dollars ; also, all of his personal property, of every kind and description. But it is understood and agreed that when the above sum of four hundred dollars is repaid to said Lewis, to wit, on the 9th day of December, 1875, then and in that case this contract to be null and void, otherwise in full force and effect.

"Witness our signature and seals this 9th day of December, 1874.

> "Benj. Lewis.     [Seal.]
> "Albert Walker.    [Seal.]"

The appellants claim that the agreement is a mortgage ; and the appellees that it is a conditional sale.

The record shows that on the day the contract between the parties was entered into, or a short time before, N. C. Lewis had purchased the land referred to at a judicial sale, and had resold it to Albert Walker, who undertook to pay the purchase price to the commissioner of the court making the sale. The price he agreed to pay was $1,275,—one-third cash, and the residue in two equal installments, in one and two years, re-

spectively, with interest from day of sale. Of the $425 required to be paid in cash, Walker was only able to pay $25. Being thus unable to comply with the terms of the sale, he made an arrangement with Benjamin Lewis by which he sold to him his interest in the land and certain personal property for the sum of $400, which sum was paid by Lewis to the commissioner of the court; but it was understood and agreed between Walker and Lewis that if Walker repaid to Lewis the $400 on or before the 9th day of December, 1875, the sale which he made to Lewis was to be void, otherwise it was to remain in full force and effect.

On the same day Lewis rented the land to Walker for the year 1875 for $100.

Walker failed to pay the $400 within the year as provided for in his agreement ; and Lewis, treating the land as his own, paid off the two deferred payments as they respectively became due, and informed N. C. Lewis, the purchaser at the judicial sale, of the fact that he had bought the land from Walker.

Walker continued to rent the land from Benjamin Lewis until at least the year 1885 at an annual rent of $100.

In 1885 Judge Buford, at the request of Walker and Benjamin Lewis, made a settlement of the transactions between them from 1874 until June, 1885, by which it was ascertained that Lewis was indebted to Walker in the sum of $104.15. In that settlement Walker was charged with the annual rent of $100, and credited with the value of the proceeds of tobacco and other property furnished by Walker to Lewis from the land.

In the year 1886, Lewis claims to have made a verbal proposition of sale to Walker, by which he was to let him have the land for $1,000 as of June 1, 1885,—one-half payable January 1, 1887 ; and the other half, January 1888. The record shows that there was some such verbal agreement between Lewis and Walker, or between Lewis and Walker and his sons ; but precisely what it was, or who the parties to it were, does not satisfactorily appear.

About the year 1889 some of the judgment lien creditors of Walker filed their bill in the circuit court of Lunenburg county to subject the real estate of Walker to the payment of their debts. In that case Walker filed an answer under oath, though an answer under oath was waived in the bill, in which he admitted that he had purchased the land in controversy from N. C. Lewis, but, being unable to pay for it, he was fortunate enough to get Benjamin Lewis to pay for it, and that he (Lewis) was entitled to a deed for it. He denied that he was entitled to a deed for it, or that he refused to receive a deed because he wished to hinder, delay, and defraud his creditors. Walker alleges that, after the property had been paid for by Lewis, his sons had paid a considerable portion of the purchase price, and have agreed to pay the residue and have the deed made to them, and that Lewis had agreed, in writing, to make such a deed when the land should be fully paid for, and denies that he has any interest whatever in the land, except that his sons had agreed that he might have a home there as long as he lives.

The writing referred to in Walker's answer, by which Lewis agreed to make his sons a deed for the land when paid for, is not dated ; but Lewis, whose deposition was taken in the creditors' suit, and, by consent of parties (subject to certain exceptions), filed as evidence in this case, shows that such writing was written in the year 1888, after the time when he had proposed to let Walker, or Walker and his sons, have the land at the price of $1,000. Lewis, in the same deposition, also states that he purchased the interest of Walker in the land for the sum of $400, with the understanding and agreement that, if he (Walker) repaid him the $400 within a year, he might retain the land, and the contract between then, by which he purchased it, should be void.

It also appears from the deposition of N. C. Lewis, to whom the deed for the land was made by the commissioner of the court, that he prepared a deed to Walker for the land, but

that Walker not only did not demand it, but refused to receive it.

There is some evidence in the case which tends to show that the agreement of December 9, 1874, may perhaps have been intended by the parties to be a mortgage to secure the $400 paid by Lewis on the purchase price of the land, and that the payment of $100 by Walker to Lewis annually as rent was a shift to collect usurious interest.

The great preponderance of evidence, however, we think, shows that the agreement of December 9, 1874, was in fact, as well as in form, a conditional sale; that both parties to it so understood it, and, in their dealings with each other and with third parties, so treated it.

The circuit court of Brunswick county having reached the same conclusion, its decree must be affirmed.